# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CONOCOPHILLIPS ALASKA, INC.,

    Plaintiff,

    v.

FORREST WRIGHT; AMANDA WRIGHT; NATHAN KEAYS; KELLY KEAYS; ECO EDGE ARMORING, LLC; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES,

    Defendants.

Case No. 3:19-CV-00311-SLG

## ORDER RE EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

    Before the Court at Docket 3 is Plaintiff ConocoPhillips Alaska, Inc.'s ("ConocoPhillips") Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. Also before this Court at Docket 6 is Plaintiff's Motion for Expedited Consideration of its Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.

    In its Complaint, ConocoPhillips asserts eight counts against Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, Eco Edge Armoring LLC, David Benefield, Wright Capital Investments, LLC, and DB Oilfield Support Services

("Defendants") including: (1) RICO claims, (2) embezzlement, (3) fraud, (4) conversion, (5) unjust enrichment, (6) breach of contract, (7) constructive trust, and (8) piercing the corporate veil.[1] ConocoPhillips asserts that Defendants engaged in a scheme wherein former employee Forrest Wright fraudulently obtained approval from ConocoPhillips to hire and pay vendors for services and materials never rendered or provided.[2]

ConocoPhillips seeks a temporary restraining order with the stated purpose of preventing Defendants from "withdrawing, transferring, or dissipating in any manner any funds, or selling any real or personal property (including vehicles) until such time as the Court has ruled further on a Motion for Preliminary Injunction, or otherwise prevent the transfer or sale of any assets purchased, or partially purchased, paid for or maintained with the fraudulently obtained, embezzled funds."[3] According to ConocoPhillips, it employed Forrest Wright as a Senior Drilling and Wells Planner in Anchorage until December 5, 2019, when he resigned.[4] In this position, Mr. Wright had the authority to propose and approve suppliers for ConocoPhillips.[5] Beginning in February 2019, Mr. Wright sought to

---

[1] Docket 1 at 11–17, ¶¶ 51–97.

[2] Docket 1 at 3–4, ¶¶ 14–19.

[3] Docket 3 at 1.

[4] Docket 3 at 2.

[5] Docket 3 at 2.

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 2 of 10

include DB Oilfield Support Services ("DB Oilfield") and Eco Edge Armoring, LLC ("Eco Edge") among ConocoPhillips' approved vendors. The former is owned by Mr. Wright's father-in-law, Defendant David Benefield, and the latter by Defendants Nathan and Kelly Keays.[6]

ConocoPhillips asserts that between April and October 2019, Mr. Wright fraudulently obtained approval to purchase materials and services from DB Oilfield and Eco Edge totaling more than $7,000,000.[7] ConocoPhillips alleges that these materials and services were never provided, but that Mr. Wright used misrepresentation and fraud to convince his colleagues at ConocoPhillips that they had been provided and to pay the vendors.[8]

The security manager for ConocoPhillips, Jeff Laughlin, launched an investigation into Mr. Wright upon receiving an anonymous tip that Mr. Wright had authorized payments of nearly $4,000,000 to DB Oilfield for products that had never been delivered.[9] Mr. Laughlin's investigation revealed that Mr. Wright sought and received approval to authorize DB Oilfield as a vendor; Mr. Wright's father-in-law, Mr. Benefield, was the vendor contact.[10] Mr. Laughlin discovered

---

[6] Docket 3 at 2.

[7] Docket 3 at 2.

[8] Docket 3 at 2.

[9] Docket 4 at 2, ¶¶ 2–3 (Laughlin Aff.).

[10] Docket 4 at 2, ¶ 4 (Laughlin Aff.).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 3 of 10

that DB Oilfield obtained a business license in Alaska just three days before Mr. Wright proposed them as a vendor. Moreover, the day after he proposed them as a vendor, Mr. Wright himself contacted an IT specialist to create, among other things, a website for DB Oilfield.[11]

DB Oilfield invoiced ConocoPhillips in the amount of $4,148,000 for a patented pipe racking system that it purportedly delivered to a Fairbanks railroad yard.[12] Mr. Wright confirmed that the pipes were delivered and were in use in Fairbanks, but through his investigation, Mr. Laughlin spoke with senior drilling supervisor, Rick Bjorhus, who "confirmed with individuals at the Fairbanks railyard that there were no racks or inspection shelters of the type allegedly sold to ConocoPhillips by DB Oilfield."[13]

In the course of his investigation, Mr. Laughlin determined that in February 2019, Mr. Wright also initiated the process to approve Eco Edge as a vendor.[14] Mr. Keays was the vendor contact for Eco Edge, and wrote to Mr. Wright offering "pipe inspection and inventory services" at the Fairbanks railroad yard in the amount of $2,075 per day.[15] Mr. Wright obtained approval for these services, and

---

[11] Docket 4 at 4, ¶¶ 12–13 (Laughlin Aff.).

[12] Docket 4 at 3, ¶¶ 6–7 (Laughlin Aff.).

[13] Docket 4 at 3–4, ¶ 10 (Laughlin Aff.).

[14] Docket 4 at 2, ¶ 4 (Laughlin Aff.).

[15] Docket 4 at 2, 4 ¶¶ 4, 14 (Laughlin Aff.).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 4 of 10

Eco Edge submitted invoices for pipe inspection totaling $439,930.[16] Mr. Bjorhus confirmed that none of the contractors at the Alaska Railroad, or the drilling operators at the Alpine oilfield had ever heard of or been in contact with anyone from Eco Edge.[17]

In addition to the pipe inspection services, Mr. Keays offered Mr. Wright 11,000 feet of "joint retainers" (sections of pipe) at a liquidation price.[18] Mr. Keays claimed the joint retainers were stored at Unique Machine in Anchorage. Mr. Wright convinced his colleagues at ConocoPhillips that the joint retainers were a good deal using a fictitious email exchange with Pat Hanley, the president of Cal IV Pipe, quoting a higher price.[19] During his investigation, Mr. Laughlin confirmed with Mr. Hanley that the email was fabricated, and did not come from him.[20] Mr. Laughlin also spoke with the president of Unique Machine, Chris Shumate, who knew nothing about Mr. Keays, Eco Edge, or the joint retainers that were purportedly stored in his facility.[21]    Nevertheless, Eco Edge invoiced

---

[16] Docket 4 at 5, ¶¶ 15–16 (Laughlin Aff.).

[17] Docket 4 at 5, ¶ 17 (Laughlin Aff.).

[18] Docket 4 at 5, ¶ 18 (Laughlin Aff.).

[19] Docket 4 at 6, ¶ 22 (Laughlin Aff.).

[20] Docket 4 at 5–6, ¶¶ 18–22 (Laughlin Aff.).

[21] Docket 4 at 5, ¶ 20 (Laughlin Aff.).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 5 of 10

ConocoPhillips for the joint retainers in the amount of $974,474 on April 15, 2019 and of $495,000 on April 17, 2019.[22]

Finally, Mr. Laughlin determined that Forrest and Amanda Wright formed Wright Capital Investments LLC ("Wright Capital") in Nevada on or around July 21, 2019 and, shortly thereafter, used Wright Capital to purchase more than $4,000,000 worth of real estate in Las Vegas.[23]

## LEGAL STANDARD

The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction. Plaintiffs seeking injunctive relief must establish "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[24]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[25]

---

[22] Docket 4 at 6, ¶ 24 (Laughlin Aff.).

[23] Docket 4 at 6, ¶¶ 25–26 (Laughlin Aff.).

[24] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In *Winter*, the Court clarified that irreparable harm must be likely, not just possible, for an injunction to issue. 555 U.S. at 25; *see also All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

[25] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 6 of 10

## DISCUSSION

Based on the record before it, the Court finds that ConocoPhillips is likely to succeed on the merits of this action and obtain a judgment ordering a return of their funds. Among other things, Plaintiff has provided an affidavit from its security manager, Mr. Laughlin, that provides extensive and detailed evidence resulting from his investigation in support of Plaintiff's allegations against Defendants.

Further, ConocoPhillips has demonstrated that it is likely to suffer irreparable harm if injunctive relief is not ordered with respect to Defendants' funds and assets. In light of Plaintiff's complaint against them, Defendants would be incentivized to make their funds and assets unavailable, to the extent possible, thereby irreparably harming ConocoPhillips in the amount that it is unable to recover. The record demonstrates that Defendants have already pursued a $4,000,000 out-of-state real estate opportunity.[26]

The Court finds that the balance of equities tips in ConocoPhillips' favor. Although Defendants will undoubtedly be burdened by the constraints on their financial freedom that Plaintiff seeks, the loss is only temporary. In contrast, should Defendants dispose of or otherwise make unavailable their funds and assets, ConocoPhillips could be permanently harmed. Moreover, injunctive relief to prevent Defendants from transferring funds or assets received from

---

[26] Docket 4 at 6, ¶ 26 (Laughlin Aff.).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 7 of 10

ConocoPhillips is in the public interest. The public has a vested interest in preventing embezzlers from dissipating fraudulently obtained assets, as well as an interest in protecting employers and businesses from fraud by their employees.

For these reasons, the Court finds that a temporary restraining order is warranted. Further, the Court will enter the temporary restraining order without notice to Defendants as the record before the Court clearly shows that ConocoPhillips would suffer immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for Expedited Consideration of its Ex Parte Motion is GRANTED and Plaintiff's Ex Parte Motion for a Temporary Restraining Order is GRANTED. The Court order as follows:

1. All funds held in any and all accounts owned or controlled by Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, David Benefield, Eco Edge Armoring, LLC, DB Oilfield Support Services, and/or Wright Capital Investments, LLC, or any combination thereof are hereby frozen, specifically including but not limited to AlaskaUSA Federal Credit Union Account #1700047859829 (held by DB Oilfield Support Services) and account #170001977951 (held by Eco Edge Armoring, LLC). AlaskaUSA, and all other financial institution where Defendants have accounts, shall not allow any disbursements or transfers of any type from such accounts until this order expires, or until further order of this Court.

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 8 of 10

2. Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, David Benefield, Eco Edge Armoring, LLC, CB Oilfield Support Services, and Wright Capital Investments, LLC shall not sell, transfer, or dispose of any assets received from ConocoPhillips or any assets—including any real property, any personal tangible property and any intangible property—purchased, partially purchased, paid for, or maintained with any assets, or money received from or paid to them by ConocoPhillips.

3. This Temporary Restraining Order is **effective as of the date and time of this Order**. ConocoPhillips shall place with the Clerk of Court a cash bond or other appropriately secured undertaking to pay costs associated with the temporary restraining order should it later be determined to have been wrongly issued. The penal sum of such bond shall be Five Thousand Dollars ($5,000) and shall be submitted to the Clerk of Court no later than **December 16, 2019**.

4. This Temporary Restraining Order shall expire **fourteen (14) days** from the date of this Order unless extended by further court order.

5. A hearing on ConocoPhillips' Motion for a Preliminary Injunction is schedule before this Court for **December 26, 2019 at 2:30 p.m.** Any opposition by Defendants to that motion shall be served and filed on or before **December 19, 2019**, and Plaintiff shall serve and file any reply on or before **December 23, 2019**.

6. The following procedure shall govern the hearing on the preliminary injunction motion:

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 9 of 10

(a) Each party shall be accorded a total of one hour for the presentation of any evidence and argument by counsel.

(b) A party may rely on the affidavits submitted with its motion, opposition or reply in lieu of, or in addition to, the presentation of direct testimony by that witness, but only so long as the affiant is present at the hearing for cross-examination.

7. ConocoPhillips shall make all reasonable efforts to immediately serve upon Defendants this order, and a copy of all moving papers, and shall file proof of service thereof.

DATED this 13th day of December, 2019 at 1:15 PM, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Ex Parte Motion for Temporary Restraining Order
Page 10 of 10