IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CONOCOPHILLIPS ALASKA, INC.

    Plaintiff,

vs.

FORREST WRIGHT; AMANDA WRIGHT; NATHAN KEAYS; KELLY KEAYS; ECO EDGE ARMORING, LLC; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES,

    Defendants.

Case No.: 3:19-cv-00311-SLG

## ORDER GRANTING STIPULATION

THIS COURT, having considered the Stipulation filed by Plaintiff and Defendant Kelly Keays (the "Parties") on December 19, 2019 at Docket 24, hereby GRANTS the Parties' Stipulation as follows:

1. Ms. Keays represents that she does not have access to funds held in any accounts owned or controlled by Forrest Wright, Amanda Wright, David Benefield, Wright Capital Investments, LLC, Eco Edge Armoring, LLC, or DB Oilfield Support Services.

2. Ms. Keays represents that she does not have access to Nathan Keays' AlaskaUSA checking account or any other account owned or controlled by Mr. Keays, except as identified in ¶ 3 of the Stipulation.

3. Ms. Keays and Mr. Keays previously shared joint access to a Wells Fargo Checking Account (XXXX 0051) and a Wells Fargo Money Market Savings Account (XXXX 4507). These accounts were frozen pursuant to the Court's order granting Plaintiff's Request for a TRO. *See* Docket 9.

4. Ms. Keays agrees to provide ConocoPhillips with all bank statements from the Wells Fargo Checking Account (account ending 0051) and Wells Fargo Money Market Savings Account (account ending 4507) between April 2019 and December 2019 within 3 business days of the execution of this Stipulation.

5. Ms. Keays agrees that Wells Fargo Checking Account (account ending 0051) and Wells Fargo Money Market Savings Account (account ending 4507) shall remain frozen and not subject to any disbursements or transfers of any type during the pendency of this case.

6. ConocoPhillips agrees that Ms. Keays shall be permitted to establish a new, independent checking account with Wells Fargo or another local banking institution for the purpose of depositing her bi-monthly paychecks from her employer. Ms. Keays may withdraw funds from this account to pay her own living expenses and to take care of the needs of her two minor children.

7. ConocoPhillips agrees that Ms. Keays shall be permitted to withdraw funds from her employer-sponsored retirement plan, subject to any restrictions or authorizations required by said employer-sponsored retirement plan, for the purpose of covering any necessary living expenses for her family, and for paying for her own attorney's fees related to this action.

8. Nothing in this Stipulation is to be construed or inferred as an admission of liability to the allegations in the Complaint in any way.

9. The Parties reserve the right to move to vacate this Stipulation, which shall otherwise expire at the conclusion of the civil action or by the entry of any other Court order.

**IT IS SO ORDERED.**

DATED: December 26, 2019        By:    */s/ Sharon L. Gleason*
                                       Hon. Sharon Gleason
                                       U.S. District Court