# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CONOCOPHILLIPS ALASKA, INC.,

    Plaintiff,

v.

FORREST WRIGHT; AMANDA WRIGHT; NATHAN KEAYS; KELLY KEAYS; ECO EDGE ARMORING, LLC; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES,

    Defendants.

Case No. 3:19-CV-00311-SLG

## ORDER RE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff ConocoPhillips Alaska, Inc.'s ("ConocoPhillips") Motion for Preliminary Injunction.[1]

On December 12, 2019, ConocoPhillips commenced this action against Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, Eco Edge Armoring LLC, David Benefield, Wright Capital Investments, LLC, and DB Oilfield Support Services ("Defendants") asserting eight counts: (1) RICO claims, (2)

---

[1] ConocoPhillips' motion for preliminary injunction was filed ex parte at Docket 3. In response to the Court's order at Docket 17, ConocoPhillips filed a public version of its motion and accompanying papers at Docket 22.

embezzlement, (3) fraud, (4) conversion, (5) unjust enrichment, (6) breach of contract, (7) constructive trust, and (8) piercing the corporate veil.[2] ConocoPhillips alleges that between April and October 2019, its former employee, Mr. Wright, fraudulently obtained approval to purchase materials and services from DB Oilfield and Eco Edge totaling more than $7,000,000.[3] ConocoPhillips alleges that these materials and services were never provided, but that Mr. Wright used misrepresentation and fraud to convince his colleagues at ConocoPhillips that they had been provided and to pay the vendors.[4]

Also on December 12, 2019, ConocoPhillips filed an ex parte motion for a temporary restraining order and preliminary injunction, seeking an order preventing Defendants from "withdrawing, transferring, or dissipating in any manner any funds, or selling any real or personal property (including vehicles) until such time as the Court has ruled further on a Motion for Preliminary Injunction, or otherwise prevent the transfer or sale of any assets purchased, or partially purchased, paid for or maintained with the fraudulently obtained, embezzled funds."[5] In support of its motion, ConocoPhillips provided, among other things, an

---

[2] Docket 1 at 11–17, ¶¶ 51–97.

[3] Docket 22 at 2.

[4] Docket 22 at 2.

[5] Docket 3 at 1.

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 2 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 2 of 8

affidavit from its Security Manager, Jeff Laughlin, and from its Director of Treasury Services, Cindi Klose.[6]

On December 13, 2019, the Court granted ConocoPhillips' motion for a temporary restraining order and set a hearing on the motion for a preliminary injunction for December 26, 2019.[7]

On December 19, 2019, Defendant Kelly Keays filed a response and non-opposition to ConocoPhillips' motion for a preliminary injunction.[8] Specifically, Ms. Keays did not object to the preliminary injunction "subject to the terms of a stipulation reached between ConocoPhillips and Ms. Keays."[9] As set forth in the stipulation, ConocoPhillips agreed that Ms. Keays could set up a new checking account to deposit her paychecks and she could "withdraw funds from her employer-sponsored retirement plan" to cover living expenses and to pay her legal fees.[10] The Court entered an ordered adopting the stipulation at Docket 33.

On December 23, 2019, Defendants Eco Edge and Nathan Keays also responded to ConocoPhillips' motion for a preliminary injunction.[11] Defendants

---

[6] Docket 22 at 16 and 165.

[7] Docket 9.

[8] Docket 23.

[9] Docket 23 at 3.

[10] Docket 24 at 3, ¶ 7.

[11] Docket 31.

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 3 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 3 of 8

Eco Edge and Mr. Keays indicated that they would not oppose the entry of a preliminary injunction subject to certain modifications that would allow Mr. Keays access to certain funds.[12]

None of the remaining Defendants—Forrest Wright, Amanda Wright, David Benefield, Wright Capital Investments, LLC, and DB Oilfield Support Services—has made an appearance in this case or filed a response to ConocoPhillips' motion for preliminary injunction. ConocoPhillips has filed proof of service for each Defendant.[13]

On December 26, 2019, the Court held a hearing on the motion for a preliminary injunction. Counsel for ConocoPhillips was present, as was counsel for Ms. Keays, and counsel for Mr. Keays and Eco Edge. None of the parties put forth evidence at the hearing. After some discussion, the participating parties agreed to the terms of the preliminary injunction; those terms are incorporated into the Court's order as set forth herein.

//

//

---

[12] Docket 31 at 1–2, ¶¶ 3–4.

[13] Docket 32. Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, and Eco Edge were served on December 17, 2018. Docket 32-1, 32-2, 32-3, 32-4 and 32-5. The remaining defendants were served on December 18, 2018. Docket 32-6 and 32-7. ConocoPhillips is awaiting official returns of service from David Benefield, DB Oilfield Support Services, and Wright Capital Investments, LLC, but provided emails from process servers confirming service on each of those defendants. Docket 32 at 2.

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 4 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 4 of 8

## LEGAL STANDARD

Plaintiffs seeking injunctive relief must establish "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[14]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[15]

## DISCUSSION

Based on the record before the Court, including the additional evidence filed by ConocoPhillips at Docket 30, the Court finds that there is good cause to enter a preliminary injunction, including the modifications to the TRO requested by the parties.

The Court finds that all four *Winter* factors counsel in favor of granting the preliminary injunction. First, ConocoPhillips is likely to succeed on the merits and obtain a judgment ordering a return of its funds. Along with other evidence,

---

[14] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In *Winter*, the Court clarified that irreparable harm must be likely, not just possible, for an injunction to issue. 555 U.S. at 25; *see also All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

[15] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 5 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 5 of 8

ConocoPhillips has provided a detailed account by Mr. Laughlin of an investigation into Defendants that supports ConocoPhillips' allegations.[16] To date, Defendants have not put forth any contradictory evidence. Second, ConocoPhillips is likely to suffer irreparable harm if injunctive relief is not ordered with respect to Defendants' funds and assets. In light of these proceedings, Defendants would be incentivized to make their funds and assets unavailable, thereby irreparably harming ConocoPhillips in the amount that it is unable to recover. The record demonstrates that certain Defendants have already pursued a $4,000,000 out-of-state real estate opportunity.[17] Third, as mentioned in its previous order granting the TRO, the Court finds that the balance of equities tips in ConocoPhillips' favor. The risk to ConocoPhillips of irreparable harm—should Defendants make their funds unavailable—outweighs any burden on Defendants to have constraints placed on their financial freedom. Lastly, the Court finds that injunctive relief is in the public interest; the public has a vested interest in preventing the dissipation of fraudulently obtained assets, as well as an interest in protecting employers from fraud by their employees.

For these reasons, the Court finds that a preliminary injunction is warranted for the duration of the litigation.

---

[16] Docket 22 at 16; Docket 30-4.

[17] Docket 22 at 21, ¶ 26 (Laughlin Aff.).

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 6 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 6 of 8

**ORDER**

In light of the foregoing, Plaintiff's Motion for a Preliminary Injunction at Dockets 3 and 22 is GRANTED and the Court orders as follows:

1. Except as otherwise provided in paragraph 3 of this order, all funds held in any and all accounts owned or controlled by Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, David Benefield, Eco Edge Armoring, LLC, DB Oilfield Support Services, Wright Capital Investments, LLC, Spectrum Consulting, Spectrum Consulting Services, and/or Spectrum Residential Services, or any combination thereof are hereby frozen, specifically including but not limited to Alaska USA Federal Credit Union Account #1700047859829 (held by DB Oilfield Support Services) and account #170001977951 (held by Eco Edge Armoring, LLC). Except as otherwise provided in paragraph 3 of this order, Alaska USA Federal Credit Union, and all other financial institution where Defendants have accounts, shall not allow any disbursements or transfers of any type from such accounts until further order of this Court.

2. Forrest Wright, Amanda Wright, Nathan Keays, Kelly Keays, David Benefield, Eco Edge Armoring, LLC, CB Oilfield Support Services, and Wright Capital Investments, LLC shall not sell, transfer, or dispose of any assets received from ConocoPhillips or any assets—including any real property, any personal tangible property and any intangible property—purchased, partially purchased, paid for, or maintained with any assets, or money received from or paid to them by

Case No. 3:19-cv-00311, *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 7 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 7 of 8

ConocoPhillips.

3. This order does not apply to: (1) Ms. Keays' account set up according to the parties' stipulation and court order entered at Docket 33; (2) Ms. Keays' employer-sponsored retirement plan as described at Docket 33; or (3) Mr. Keays' newly established Credit Union 1 account ending in 8555, into which he may deposit his paychecks from the Anchorage Police Department.

4. This preliminary injunction is effective immediately and shall remain in effect until further order of this Court.  ConocoPhillips' previously submitted cash bond in the amount of Five Thousand Dollars ($5,000) shall serve as the appropriately secured undertaking to pay costs associated with the preliminary injunction should it later be determined to have been wrongly issued.

DATED this 27th day of December, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-00311,  *ConocoPhillips Alaska, Inc. v. Wright, et al.*
Order re Plaintiff's Motion for Preliminary Injunction
Page 8 of 8
Case 3:19-cv-00311-SLG   Document 36   Filed 12/27/19   Page 8 of 8