Jeffrey W. Robinson
Laura C. Dulic
Ashburn & Mason, P.C.
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 276-4331
Fax: (907) 277-8235
jeffrey@anchorlaw.com
laura@anchorlaw.com

Attorney for Defendant Kelly Keays

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CONOCOPHILLIPS ALASKA, INC.

      Plaintiff,

vs.

FORREST WRIGHT; AMANDA WRIGHT; NATHAN KEAYS; KELLY KEAYS; ECO EDGE ARMORING, LLC; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES,

      Defendants.

Case No.: 3:19-cv-00311-SLG

**ANSWER**

Defendant Kelly Keays, by and through undersigned counsel, answers the Complaint as follows:

**Response to Plaintiff's introduction**: Plaintiff's introduction to the Complaint asserts Plaintiff's characterizations of its own claims, to which no response is required. To the extent a response is deemed required, the introduction is denied.

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations of this paragraph and therefore denies the same.

6. Ms. Keays lacks sufficient information to confirm or deny the allegations of this paragraph and therefore denies the same.

7. Ms. Keays admits that David Benefield is Amanda Wright's father, but Ms. Keays lacks sufficient information to confirm or deny the remaining allegations of this paragraph and therefore denies the same.

8. Admitted.

9. Admitted.

10. Admitted.

11. Ms. Keays denies that she "owned and managed" Eco Edge.

## JURISDICTION AND VENUE

12. Denied in part; admitted in part. Paragraph 12 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has jurisdiction over the subject matter of this Complaint.

13. Denied in part; admitted in part. Paragraph 7 contains conclusions of law to which no response is required. Defendant admits, however, that venue is proper in this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14. Ms. Keays admits that Forrest Wright represented to her and others that he was employed by ConocoPhillips, but lacks sufficient information to confirm or deny the remaining allegations of this paragraph and therefore denies the same.

15. Ms. Keays lacks sufficient information to confirm or deny the allegations of this paragraph and therefore denies the same.

16. Ms. Keays lacks sufficient information to confirm or deny the allegations of this paragraph and therefore denies the same.

17. Denied. Ms. Keays has never owned or managed Eco Edge, and therefore denies the allegation that Eco Edge was owned by Nathan Keays and Kelly Keays. Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, therefore denies the same.

18. Denied. Ms. Keays denies that she provided "assistance" to arrange for bids to be submitted to ConocoPhillips from DB Oilfield Support Services and/or Eco Edge to provide materials and services to ConocoPhillips. Ms. Keays denies any knowledge that the materials, goods, and services referenced in this paragraph did not exist or would never be provided; Ms. Keays lacks sufficient information to confirm or deny whether other co-defendants provided assistance in arranging the bids referenced in this

paragraph, or had knowledge that the materials, goods and services referenced in this paragraph did not exist or would never be delivered, and therefore denies the same.

19. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

## PAYMENTS TO ECO EDGE ARMORING, LLC

20. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

21. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

22. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

23. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

24. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

25. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

26. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

27. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

28. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

29. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

30. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

31. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

32. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

## PAYMENTS TO DB OILFIELD SUPPORT SERVICES

33. Ms. Keays admits only that the Wright's represented that David Benefield is Amanda Wright's father and Forest Wright's father in law. Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

34. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

35. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

36. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

37. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

38. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

39. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

40. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

41. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

42. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

43. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

### WRIGHT CAPITAL INVESTMENTS, LLC

44. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

45. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

46. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

## ALASKA PROPERTY TRANSACTIONS

47. Admitted in part, denied in part; Ms. Keays admits that Nathan Keays purchased two garage condominium units in Eagle River, and that a sign on one of the units reads "Eco Edge Armoring LLC." Ms. Keays lacks sufficient information to confirm or deny when these units were purchased and how Nathan Keays purchased the units.

Ms. Keays denies that she purchased the properties referenced in this paragraph, and therefore vehemently denies the allegations that "the Keays" purchased the properties and used funds embezzled or fraudulently obtained from ConocoPhillips to purchase these properties.

48. Admitted in part, denied in part; Ms. Keays admits that the property described in Paragraph 48 was previously held in her name and Mr. Keays' name. Ms. Keays denies that she made the $145,350 mortgage payment on the property, or had any knowledge related to how Mr. Keays paid off the garage, including the source of funds applied to the mortgage.

49. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, therefore denies the same.

50. Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, therefore denies the same.

## COUNT I – RICO

51. No response required.

52. Ms. Keays denies any and all accusations that she was involved in "racketeering activity." Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

53. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

54. Ms. Keays denies this allegation to the extent it infers that she acted with other Defendants to embezzle money from or defraud ConocoPhillips.

55. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

56. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

57. This paragraph asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

58. This paragraph asserts a legal conclusion, to which no response is required. To the extent a response is deemed required, this paragraph is denied.

59. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

60. Ms. Keays lacks sufficient information to form a belief as to the truth of this paragraph, and therefore denies the same.

61. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

62. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, therefore denies the same.

63. Ms. Keays denies that she engaged in "an open-ended scheme" or "criminal conduct" that "will continue in the future;" Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, therefore denies the same.

64. Ms. Keays denies that she engaged in "racketeering activity." Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, therefore denies the same.

65. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, therefore denies the same.

## COUNT II – EMBEZZLEMENT

66. No response required.

67. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

68. Ms. Keays lacks sufficient information to confirm or deny the allegations in this paragraph, and therefore denies the same.

69. Ms. Keays denies that she had any "intention to defraud ConocoPhillips" as referred to in this paragraph; Ms. Keays lacks sufficient information to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

## COUNT III – FRAUD

70. No response required.

ANSWER
*ConocoPhillips Alaska, Inc. v. Forrest Wright et al.*, Case no. 3:19-cv-311-SLG     Page 9 of 15

Case 3:19-cv-00311-SLG   Document 38   Filed 01/02/20   Page 9 of 15

71. Ms. Keays denies that she represented to ConocoPhillips that good and services had been supplied to ConocoPhillips when they had not be supplied; Ms. Keays lacks sufficient knowledge to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

72. Ms. Keays denies any knowledge that the invoices referenced in this paragraph were for goods or services that had not been supplied; Ms. Keays lacks sufficient knowledge to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

73. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

74. Ms. Keays lacks sufficient knowledge to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

75. Ms. Keays lacks sufficient knowledge to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

### COUNT IV – CONVERSION

76. No response required.

77. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

78. Ms. Keays denies that she intentionally engaged in a scheme to deprive ConocoPhillips of possession of the funds paid for goods and services that were not provided; Ms. Keays lacks sufficient knowledge to confirm or deny the remaining

allegations in this paragraph, and therefore denies the same.

79. Ms. Keays denies that she deprived ConocoPhillips of the possession and use of at least $7,297,970.00. Ms. Keays lacks sufficient knowledge to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

80. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

## COUNT V – UNJUST ENRICHMENT

81. No response required.

82. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

83. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

84. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

## COUNT VI – BREACH OF CONTRACT

85. No response required.

86. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

87. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

88. Ms. Keays denies that she was in contract with ConocoPhillips, directly or through Eco Edge, and denies that she had a duty to perform under the contracts described in this paragraph, or breached the contracts described in this paragraph. Ms. Keays lacks sufficient knowledge to confirm or deny the remaining allegations in this paragraph, and therefore denies the same.

## COUNT VII – CONSTRUCTIVE TRUST

89. No response required.

90. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

91. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

92. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

93. This paragraph asserts a legal conclusion, and a response is not required.

94. This paragraph asserts a legal conclusion, and a response is not required.

## COUNT VIII – PIERCING THE CORPORATE VEIL

95. No response required.

96. Ms. Keays lacks sufficient knowledge to confirm or deny the allegations in this paragraph, and therefore denies the same.

97. This paragraph asserts a legal conclusion, and a response is not required.

## PRAYER FOR RELIEF

Defendant Kelly Keays denies all prayed for relief as set forth in Paragraphs A- E of the Plaintiffs' Complaint.

WHEREFORE, Defendant Kelly Keays respectfully requests that this Court enter a judgment in her favor and against Plaintiff, dismissing Plaintiff's Complaint against Defendant Kelly Keays with prejudice, and awarding Defendant her costs, attorneys' fees, and any other relief this Court deems necessary and just.

## AFFIRMATIVE DEFENSES

The Plaintiff's claims for relief are barred by the following:

1. Plaintiff's Complaint and each purported cause of action against Defendant Kelly Keays fails to state a claim upon which relief may be granted.

2. Defendant reserves the right to assert such other affirmative defenses as may become known through the course of discovery.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand trial by jury in this action of all issues so triable.

Ashburn & Mason, P.C.
1227 West Ninth Avenue, Suite 200
Anchorage, Alaska 99501
(907) 276-4331
jeffrey@anchorlaw.com
laura@anchorlaw.com
julie@anchorlaw.com

ANSWER
*ConocoPhillips Alaska, Inc. v. Forrest Wright et al.*, Case no. 3:19-cv-311-SLG     Page 13 of 15

Case 3:19-cv-00311-SLG   Document 38   Filed 01/02/20   Page 13 of 15

|  |  |  |
|---|---|---|
|  |  | ASHBURN & MASON, P.C. |
|  |  | Attorneys for Kelly Keays |

| DATED: 1/2/20 | By: | s/ Jeffrey W. Robinson |
|---|---|---|
|  |  | JEFFREY W. ROBINSON |
|  |  | Alaska Bar No. 0805038 |
|  | By: | s/ Laura C. Dulic |
|  |  | LAURA C. DULIC |
|  |  | Alaska Bar No. 1305013 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 2, 2020, a copy of the foregoing was served electronically through the CM/ECF system on the following:

Donna M. Meyers
Timothy J. Lamb
Delaney Wiles
1007 West 3rd Avenue, Suite 300
Anchorage, Alaska 99501
907-279-3581
Fax: 907-277-1331
dmm@delaneywiles.ocm
tjl@delaneywiles.com


ASHBURN & MASON, P.C.

By: s/Jeffrey W. Robinson
    JEFFREY W. ROBINSON

By: s/Laura C. Dulic
 LAURA C. DULIC