Michelle S. Nesbett
Nesbett Law Offices
750 W. 2nd Ave., Suite 105
Anchorage, Alaska 99501
Phone: (907) 770-6920
michelle@nesbettlaw.com

Attorney for Defendant Amanda Wright

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONOCOPHILLIPS ALASKA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FORREST WRIGHT; AMANDA WRIGHT; | ) |
| NATHAN KEAYS; KELLY KEAYS; | ) |
| ECO EDGE ARMORING, LLC; | ) Case No. 3:19-CV-00311-SLG |
| DAVID BENEFIELD; WRIGHT CAPITAL | ) |
| INVESTMENTS, LLC; AND | ) |
| DB OILFIELD SUPPORT SERVICES, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ANSWER**

Defendant Amanda Wright, by and through counsel Michelle S. Nesbett, answers the Complaint as follows:

**Response to Plaintiff's paragraph "Nature of this Action":** This unnumbered paragraph of the complaint states Plaintiff's characterizations of its own claims, to

ANSWER
ConocoPhillips Alaska, Inc. v. Forrest Wright et al., Case No. 3:19-cv-311-SLG
Page 1 of 16
00909184.DOCX
Case 3:19-cv-00311-SLG   Document 51   Filed 02/28/20   Page 1 of 16

which no response is required. To the extent a response is required, the paragraph is denied.

## PARTIES

1. Ms. Wright admits ConocoPhillips is a corporation, but Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Ms. Wright admits Wright Capital Investments, LLC is a limited liability company organized in the State of Nevada, and that Forrest Wright and Amanda Wright are each listed as a managing member of Wright Capital Investments. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

6. Ms. Wright admits that David Benefield owns or owned DB Oilfield Support Services, but Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

7. Ms. Wright admits that David Benefield is her father. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

8. Admitted.

9. Admitted.

10. Admitted.

11. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

12. Denied in part; admitted in part. Paragraph 12 contains conclusions of law to which no response is required. Ms. Wright admits that this Court has subject matter jurisdiction over the subject matter of this Complaint.

13. Denied in part; admitted in part. Paragraph 13 contains conclusions of law to which no response is required. Ms. Wright admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14. Admitted.

15. Ms. Wright admits that Forrest Wright was employed by ConocoPhillips as a Drilling and Wells Planner, but Ms. Wright lacks sufficient knowledge or

information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

16. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

17. Denied. Amanda Wright did not conspire with anyone to defraud ConocoPhillips. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

18. Denied. Ms. Wright denies that she assisted arranging for bids to be submitted to ConocoPhillips from DB Oilfield Support Services for pipe racks, inspection shelters or other goods. Ms. Wright denies that she assisted in arranging for bids to be submitted to ConocoPhillips from Eco Edge to provide materials and services to ConocoPhillips. Ms. Wright denies that she knew that the materials and goods did not exist and would never be provided, and denies that she knew that the services would never be provided. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations against other co-defendants in this paragraph and therefore denies the same.

19. Ms. Wright admits that DB Oilfield Support services prepared invoices to be submitted to ConocoPhillips, but Ms. Wright denies that she had any knowledge that the invoices were for work never done and/or goods never delivered. Ms. Wright

ANSWER
ConocoPhillips Alaska, Inc. v. Forrest Wright et al., Case No. 3:19-cv-311-SLG
Page 4 of 16
00909184.DOCX
Case 3:19-cv-00311-SLG   Document 51   Filed 02/28/20   Page 4 of 16

lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

## PAYMENTS TO ECO EDGE ARMORING, LLC

20. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

21. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

22. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

23. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

24. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

25. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

26. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

27. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

28. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

29. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

30. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

31. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

32. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## PAYMENTS TO DB OILFIELD SUPPORT SERVICES

33. Ms. Wright admits that David Benefield is her father and Forrest Wright's father-in-law. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

34. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

35. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

36. Ms. Wright admits that DB Oilfield Support Services submitted invoices to ConocoPhillips and received payment from ConocoPhillips, but Ms. Wright lacks

sufficient knowledge or information to confirm or deny the specific invoice numbers, dates, amounts, or whether the invoices were paid, and therefore denies the remaining allegations in this paragraph.

37. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

38. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

39. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

40. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

41. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

42. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

43. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## WRIGHT CAPITAL INVESTMENTS

44. Ms. Wright admits funds were transferred from DB Oilfield Support Services to Spectrum Consulting and that transfers were made from Spectrum

Consulting to Wright Capital Investments. Ms. Wright denies that she made any transfers with intent to further a conspiracy. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

45. Admitted.

46. Ms. Wright admits that Wright Capital Investments, LLC purchased a group of houses in Las Vegas, Nevada for approximately $4,200,000.00. Ms. Wright denies that she knew any of the funds used to purchase the houses were fraudulently obtained. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

## ALASKA PROPERTY TRANSACTIONS

47. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

48. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

49. Admitted.

50. Ms. Wright denies knowing any funds used to pay the mortgage or maintain the property identified in paragraph 49 were embezzled or fraudulently obtained from ConocoPhillips. Ms. Wright lacks sufficient knowledge or information

to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

## COUNT I -- RICO

51. No response required.

52. Ms. Wright denies that she was involved in racketeering activity. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

53. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed require, this paragraph is denied.

54. Ms. Wright denies that that she acted alone or with other defendants for the purpose of embezzling money from and defrauding ConocoPhillips. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

55. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, this paragraph is denied.

56. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, this paragraph is denied.

57. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, this paragraph is denied.

ANSWER
ConocoPhillips Alaska, Inc. v. Forrest Wright et al., Case No. 3:19-cv-311-SLG
Page 9 of 16
00909184.DOCX
Case 3:19-cv-00311-SLG   Document 51   Filed 02/28/20   Page 9 of 16

58. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, this paragraph is denied.

59. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

60. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

61. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

62. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

63. Ms. Wright denies that she participated or engaged in an "open ended scheme." Ms. Wright denies that she participated or engaged in criminal conduct. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

64. Ms. Wright denies that she participated or engaged in racketeering activity. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

65. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## COUNT II--EMBEZZLEMENT

66. No response required.

67. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

68. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

69. Ms. Wright denies that she had the intention to defraud ConocoPhillips. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

## COUNT III--FRAUD

70. No response required.

71. Ms. Wright denies that she represented to ConocoPhillips that goods and services had been supplied to ConocoPhillips when they had not been supplied. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

72. Ms. Wright denies she had any knowledge at the time invoices were presented to ConocoPhillips that any of the invoices referenced in this paragraph were for goods and services that had not been supplied. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

73. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

74. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

75. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## COUNT IV--CONVERSION

76. No response required.

77. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

78. Ms. Wright denies that she intentionally engaged in a scheme to deprive ConocoPhillips of possession of the funds paid for goods and services that were not provided. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

79. Ms. Wright denies that she deprived ConocoPhillips of the possession and use of at least $7,297,970.00. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

80. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## COUNT V—UNJUST ENRICHMENT

81. No response required.

82. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

83. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

84. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## COUNT VI—BREACH OF CONTRACT

85. No response required.

86. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

87. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

88. Ms. Wright denies that she was in contract with ConocoPhillips and denies that she had a duty to perform under the contracts described in Count VI. Ms. Wright denies that she breached a contract with ConocoPhillips. Ms. Wright lacks sufficient knowledge or information to confirm or deny the remaining allegations in this paragraph and therefore denies the same.

## COUNT VII—CONSTRUCTIVE TRUST

89. No response required.

90. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

91. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

92. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

93. This paragraph asserts a legal conclusion and a response is not required.

94. This paragraph asserts a legal conclusion and a response is not required. To the extent a response is deemed required, Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

## COUNT VIII—PIERCING THE CORPORATE VEIL

95. No response required.

96. Ms. Wright lacks sufficient knowledge or information to confirm or deny the allegations in this paragraph and therefore denies the same.

97. This paragraph states a legal conclusion and therefore a response is not required.

## PRAYER FOR RELIEF

Defendant Amanda Wright denies all prayed for relief as set forth in Paragraphs A-E of the Plaintiff's Complaint.

Wherefore, Defendant Amanda Wright requests this Court enter judgment in her favor and against Plaintiff, dismissing Plaintiff's Complaint against Defendant Amanda Wright with prejudice, and awarding Defendant her costs, attorneys' fees and any other relief this Court deems necessary and just.

## AFFIRMATIVE DEFENSES

The Plaintiff's claims for relief are barred by the following:

1. Lack of Privity.

2. Plaintiff's Complaint and each purported cause of action against Defendant Amanda Wright fails to state a claim upon which relief may be granted.

3. Defendant Amanda Wright reserves the right to assert such other affirmative defenses as may become known through the course of discovery.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants' demand trial by jury in this action of all issues so triable.

Dated at Anchorage, Alaska, this 28th day of February, 2020.

s/ Michelle S. Nesbett
MICHELLE S. NESBETT
Attorney for Defendant,
Amanda Wright
Alaska Bar No: 0705028

CERTIFICATE OF SERVICE
I hereby certify that on February 28, 2020
a copy of foregoing this document
was served ELECTRONICALLY on:

Donna M. Meyers
Timothy J. Lamb
Delaney Wiles
dmm@delaneywiles.com
tjl@delaneywiles.com

Phillip Paul Weidner
lrosano@weidnerjustice.com

Jeffrey William Robinson
Jeffrey@anchorlaw.com

Laura Dulic
laura@anchorlaw.com

And was served via U.S. mail postage pre-paid on:

David Benefield
14829 E 253rd St. S
Webbers Falls, OK 74470


s/ Michelle S. Nesbett

ANSWER
ConocoPhillips Alaska, Inc. v. Forrest Wright et al., Case No. 3:19-cv-311-SLG
Page 16 of 16
00909184.DOCX
Case 3:19-cv-00311-SLG   Document 51   Filed 02/28/20   Page 16 of 16