Timothy J. Lamb
DELANEY WILES, INC.
1007 West 3rd Avenue, Suite 300
Anchorage, Alaska 99501
Phone: (907) 279-3581
Fax: (907) 277-1331
tjl@delaneywiles.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONOCOPHILLIPS ALASKA, INC., <br><br>Plaintiff, <br><br>v. <br><br>FORREST WRIGHT; AMANDA WRIGHT; NATHAN KEAYS; KELLY KEAYS; ECO EDGE ARMORING, LLC; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES, <br><br>Defendants. | Case No. 3:19-cv-00311-SLG <br><br> Consolidated |
| CONOCOPHILLIPS ALASKA, INC., <br><br>Plaintiff, <br><br>FORREST WRIGHT; AMANDA WRIGHT; DAVID BENEFIELD; WRIGHT CAPITAL INVESTMENTS, LLC; and DB OILFIELD SUPPORT SERVICES, <br><br>Defendants. | Case No. 3:20-cv-00072 TMB |

**JUDGMENT AGAINST DEFENDANTS FORREST WRIGHT, WRIGHT CAPITAL INVESTMENTS, LLC, AND DB OILFIELD SUPPORT SERVICES**

**Judgment** Page **1** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 1 of 18

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

This matter having come before the Court on Plaintiff ConocoPhillips Alaska Inc.'s ("CPAI") Application for Default Judgment ("Application") requesting entry of a default judgment against Defendants Forrest Wright, Wright Capital Investments, LLC, and DB Oilfield Support Services, and, together with Forrest Wright and Wright Capital Investments, LLC, ("Defendants"), the Court having reviewed the Application, together with the supporting Declarations exhibits thereto, the papers and pleadings on file, and for good cause appearing, the Application is **GRANTED** and the Court enters Judgment as follows:

**IT IS HEREBY ORDERED**:

1. Judgment is entered in favor of CPAI and against Forrest Wright, Wright Capital Investments, LLC, and DB Oilfield Support Services, jointly and severally, as to claims for relief for the primary amount of funds paid by ConocoPhillips to one or more of the Defendants and for which nothing was given in returning as more fully set forth in the Complaint, in the amount of Seven Million, Two Hundred Ninety-Seven Thousand, Nine Hundred Seventy Dollars ($7,297,970.00) for damages, plus pre-judgment interest at 5.25% in the amount of One Hundred Forty-Seven Thousand, Six Hundred Fifty-Eight Dollars and 93/100ths ($147,658.93) and post-judgment interest accruing at the legal rate of interest of 5.25% until this Judgment is paid in full;[1]

2. Judgment is entered in favor of CPAI and against Forrest Wright, Wright Capital Investments, LLC, and DB Oilfield Support Services, jointly and severally, in the

---

[1] The 12th Federal Reserve District discount rate in effect January 2, 2020 was 2.25%. Pursuant to AS 09.30.070 the interest on judgment is 3% above that rate. Interest was calculated from December 12, 2019 through May 1, 2020.

**Judgment** Page **2** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 2 of 18

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

amount of Twenty-One Million, Eight Hundred Eighty-Three Thousand, Nine Hundred Ten Dollars ($21,893,910.00) as to CPAI's claim for relief for treble damages pursuant to 18 U.S.C. § 1964(c) (The RICO Act), plus pre-judgment interest at 5.25% in the amount of Four Hundred Forty-Two Thousand, Nine Hundred Seventy-Six Dollars and 78/100ths ($442,976.78) and post-judgment interest at 5.25% accruing at the legal rate of interest until this Judgment is paid in full;

3. Judgment is entered in favor of ConocoPhillips Alaska, Inc. and against Forrest Wright, Wright Capital Investments, LLC, and DB Oilfield Support Services, jointly and severally, in the amount of Seven Million Dollars ($7,000,000.00) for punitive damages as to CPAI's second, third, sixth, seventh, and eighth claims for relief based upon the outrageous and fraudulent acts for financial gain known to have been wrong at the time, which Defendants tried to intentionally conceal as they were occurring, plus pre-judgment interest at 5.25% in the amount of One Hundred Forty-One Thousand, Six Hundred Thirty Dollars and 14/100ths ($141,630.14) and post-judgment interest accruing at the legal rate of interest of 5.25% until this Judgment is paid in full;

4. Wright Capital Investments, LLC is the alter ego of Forrest Wright and the corporate fiction as between Wright Capital Investments, LLC and Forrest Wright are hereby dissolved such that Forrest Wright is liable for the obligations of Wright Capital Investments, LLC;

5. Judgment in the form of a constructive trust is hereby imposed on the real and personal property of Forrest Wright, Wright Capital Investments, LLC, and/or DB Oilfield Support Services set forth herein (the "Property"). The following Property is

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **3** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 3 of 18

hereby deemed to be held by its owner of record in trust for the benefit of CPAI, such that CPAI is the true beneficial owner of the Property:

   a. Assessor's Parcel Number ("APN") 138-23-613-035
      6233 Espinosa Avenue
      Las Vegas, Nevada

   b. APN 138-24-115-006
      5908 W Bartlett Avenue
      Las Vegas, Nevada

   c. APN 138-25-112-019
      1524 Saylor Way
      Las Vegas, Nevada

   d. APN 138-25-114-057
      1400 Saylor Way
      Las Vegas, Nevada

   e. APN 138-25-312-008
      5824 Iris Avenue
      Las Vegas, Nevada

   f. APN 138-25-314-039
      5821 Halifax Avenue
      Las Vegas, Nevada

   g. APN 138-34-711-027
      716 Vincent Way
      Las Vegas, Nevada

   h. APN 138-34-712-050
      609 Cline Street
      Las Vegas, Nevada

   i. APN 138-35-711-036
      501 Slayton Drive
      Las Vegas, Nevada

   j. APN 138-36-120-029
      5420 Banjo Street
      Las Vegas, Nevada

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **4** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 4 of 18

k.  APN 139-08-411-011
    3602 Gold Sluice Avenue
    North Las Vegas, Nevada

l.  APN 139-19-213-079
    4609 Sawyer Avenue
    Las Vegas, Nevada

m.  APN 139-29-714-050
    2149 Sleepy Court
    Las Vegas, Nevada

n.  APN 139-30-318-007
    721 Fairway Drive
    Las Vegas, Nevada

o.  APN 140-22-314-028
    1826 Green Acres Avenue
    Las Vegas, Nevada

p.  APN 163-01-612-049
    5201 Mountain View Drive
    Las Vegas, Nevada

q.  APN 163-15-810-114
    3973 Arrowood Drive
    Las Vegas, Nevada

r.  All rents and proceeds of the Property currently held by Orange Realty Group.

6. Defendants are hereby permanently enjoined against any further transfer, encumbrance or disposition of the Property pursuant to Nevada Revised Statute ("NRS") 112.210(c)(1) as follows:

a.  If Defendants are not restrained by court order, CPAI will likely suffer immediate and irreparable injury through the potential dissipation of funds Forrest Wright, Wright Capital Investments, LLC and/or DB Oilfield

DELANEY WILES, INC.
Suite 300
1007 West 3ʳᵈ Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **5** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 5 of 18

Support Services obtained from CPAI through improper means, dissipation or further transfer or real property Forrest Wright, Wright Capital Investments, LLC and/or DB Oilfield Support Services purchased using funds improperly obtained from CPAI, and any rents derived from or loan proceeds related to those properties.

b. Therefore, Defendants, together with their officers, directors, managers, agents, servants, employees, and attorneys are hereby permanently restrained and enjoined from selling, transferring, encumbering, or disposing of any monies received from CPAI and any assets—including real, personal, tangible, and intangible property—purchased, paid for, or maintained with assets or money received from or paid to them by CPAI. This includes without limitation the Property identified herein in Paragraph 5 (a) – (r) and the funds in the bank accounts identified herein in Paragraph 7 (a) – (d), together with all the proceeds, rents, income, interest, dividends, or profits on any such assets.

7. CPAI is entitled to avoidance of the fraudulent transfers of funds made by Defendants pursuant to NRS 112.210(1)(a), and to the return of funds not rightfully theirs. Therefore, pursuant to NRS 112.210(c)(1), all funds held in the following accounts owned or controlled by Forrest Wright, Wright Capital Investments, LLC, Spectrum Consulting Services, and DB Oilfield Support Services, or any combination thereof, shall be immediately transferred to CPAI:

a. Alaska USA Federal Credit Union, Acct No. 4785982 (DB Oilfield

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **6** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 6 of 18

Support Services);

b. Alaska USA Federal Credit Union, Acct No. 4780183 (Spectrum Consulting Services – jointly owned by Forrest Wright and Amanda Wright);[2]

c. Alaska USA Federal Credit Union, Acct No. 1135623 (Forrest and Amanda Wright);[3]

d. Wells Fargo, Acct No. 9310614392 (Wright Capital Investments, LLC);[4]

8. A receiver is hereby appointed pursuant to FRCP 66, NRS 112.210, and NRS 32.260(1)(b)(2) for the operation, management, and sale and/or liquidation of the Property identified herein in Paragraph 5(a) – (r) in accordance with the terms set forth below. The Court, being fully apprised of this matter, finds and concludes that the appointment of a receiver is necessary to aid in execution of this Judgment, to carry this Judgment into effect, and to levy execution on the assets fraudulently transferred by Defendants, and each of them, and the proceeds of such assets, specifically, the Property identified herein in Paragraph 7(a) – (d).

9. Jason Mattson of Orange Realty Group is hereby appointed the receiver ("Receiver") of the Property.

10. The Receiver shall not be required to file or post a bond.

---

[2] *See* Docket 62, Stipulation of Amanda Wright, ¶3, Amanda Wright disclaimed any and all interest in said funds and expressly stated she does not oppose the transfer of funds from this account to ConocoPhillips Alaska, Inc.
[3] *See* Docket 62, Stipulation of Amanda Wright, ¶2, Amanda Wright disclaimed any and all interest in said funds and expressly stated she does not oppose the transfer of funds from this account to ConocoPhillips Alaska, Inc.
[4] Wright Capital Investments is managed by Forrest Wright and Amanda Wright. *See* Docket 62, Stipulation of Amanda Wright, ¶4. Ms. Wright disclaimed any and all interest in said funds and expressly stated she does not oppose the transfer of funds from this account to ConocoPhillips Alaska, Inc.

**Judgment** Page **7** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG Document 63-17 Filed 05/01/20 Page 7 of 18

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

11. The Court appoints the Receiver the Managing Agent of the Property, to take control of the Property, together with all related documents, books, records, papers, and accounts of Defendants.

12. Defendants and any and all persons or entities acting under their direction or on their behalf are directed and ordered to immediately surrender to the Receiver all Property and assets of the Property including, but not limited to, the following:

    a. All royalties, rents, revenues, issues, profits, and income of the Property;

    b. All deposits, regardless of when received, together with all books, records, deposit books, checks and check books, together with names, addresses, contact names, telephone and facsimile numbers where any and all deposits are held, plus all account numbers;

    c. All accounting records, accounting software, computers, laptops, passwords, books of account, general ledgers, accounts receivable records, accounts payable records, cash receipts records, checkbooks, accounts, passbooks, and all other accounting documents;

    d. All vendors', advertisers' and other clients' names, addresses, telephone, facsimile and account numbers or other similar records;

    e. All accounts receivable, payments, rents including all statements and records of deposits, advances, and prepaid contracts or rents, if applicable;

    f. All contracts, agreements, leases and subleases, including all amendments, modifications, and renewals thereof, as well as all proposed contracts, agreements, leases and subleases (whether or not executed) and copies of

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **8** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG Document 63-17 Filed 05/01/20 Page 8 of 18

any and all documents pertaining to any negotiations for the Property;

g. All insurance policies, including workers' compensation, business, liability and property damage coverage, name and address of insurance companies, amount of coverage and expiration dates of each policy;

h. The names, addresses and account numbers of all utility and communications companies providing services to the Property;

i. All environmental reports or studies, including ADA surveys;

j. All tax assessments, liens, and notices of delinquency, and penalty notices;

k. All mechanics' liens, stop notices, or demands for payment by actual or potential mechanics lienors;

l. All maintenance/service contracts;

m. All bills and invoices unpaid as of the date of this Judgment;

n. All licenses, permits, notices, approvals, citations, violations, and fines whether in effect or lapsed, issued by any federal, state, county or public agency;

o. All tax returns, schedules, operating statements including the most current operating statement;

p. All business plans, whether completed or proposed;

q. All keys, security codes, or other security companies and information relating to the building and improvements utilized by the Property;

r. All original documents of formation and title documents relating to Defendants;

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **9** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 9 of 18

s. All work orders, including all amendments, modifications, and revisions thereof, whether in process or recently completed;

t. All documents relating to repairs, including all estimated costs of repair;

u. All inspection reports, appraisals, assessments, correspondence, or memoranda regarding the condition or value of the Property;

v. All documents relating to any potential purchasers or their agents interested in the acquisition of any property of the Property;

w. All documents relating to any loans, mortgages, deeds of trust, notes, liens, or any other instruments secured by all or part of the Property;

x. All documents relating to any leases and/or subleases, including all amendments, modifications, and renewals thereof, as well as all proposed contracts, agreements, leases and subleases (whether or not executed), pertaining to the Property; and

y. All Federal Tax Identification numbers associated with the Property.

13. Any and all persons or entities acting under the Defendants' direction or on their behalf are further directed and ordered to deliver to the Receiver all rents, revenues, issues, profits, and security deposits of and from the Property, which may yet come into their possession or come under their control.

14. Pending further order of this Court, Defendants, their officers, and each of their respective partners, directors, agents, servants, and employees, and all persons or entities acting under or in concert with them, or for them, and all other persons with actual or constructive knowledge of this Judgment, and each of them, shall not:

Delaney Wiles, Inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **10** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 10 of 18

a. Commit or permit any waste on the Property or any part thereof, or suffer or commit or permit any act on the Property on any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the Property or the fixtures thereon, or the Property or any part thereof;

b. Directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and preservation, maintenance, and/or sale of the Property or related litigation, and shall not interfere with Plaintiff or the Receiver in any way connected with the Receiver's protection of CPAI's interests in the Property;

c. Interfere with the Receiver's right to immediate possession of all of the Defendant's accounts holding rents and profits from the Property, and shall turn over all such funds held, wherever held, to the Receiver in furtherance of his duties in furtherance of the receivership estate;

d. Demand collection, receive, or in any way divert or use any of the mail, income, royalties, rents, issues, profits, accounts receivable or other income from the Property and/or interfere in any manner with collecting or receiving any mail, income, rents, royalties, issues, accounts receivable, profits or substitution thereof;

e. Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of the Property and/or Defendants' books and records, without prior court order;

Delaney Wiles, Inc.
Suite 300
1007 West 3ʀᴅ Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **11** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 11 of 18

  f. Do any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property, Defendants' books and records, the preservation of CPAI's interest in the Property and/or CPAI's other collateral.

15. Within 30 days of taking control and possession under this Judgment, the Receiver shall provide an inventory itemizing all personal property and real property of which he has taken control or possession and shall promptly file supplemental inventories of any personal property subsequently coming into the receivership estate.

16. Subject to the final approval of this Court, the Receiver shall be compensated for his services as follows: (a) Orange Realty will continue to receive its contractual management fee which is 7% of the gross rents collected on the Property, which shall be paid on a monthly basis; and (b) up to 3% seller broker's commission for any sale of any of the Property in accordance with this Judgment. The Receiver shall also be entitled to reimbursement of his reasonable out-of-pocket costs and expenses. The Receiver shall be entitled to a project management fee of 5% of the job cost for his involvement with any major repair project (defined as $5,000.00 or greater) that may be necessary on the Property prior to sale or otherwise.

17. The Receiver shall lease, operate, manage, control and conduct the Property and its business, and incur the expenses necessary in such operation, management, control, and conduct in the ordinary and usual course of business concerning the Property, and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar properties, and no such

Delaney Wiles, Inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment**   Page **12** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.*   Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 12 of 18

risks or obligations so incurred shall be the personal risk or obligation of the Receiver or of those who are acting or have acted on behalf of the Receiver, but shall be a risk or obligation of the receivership estate. In carrying out his duties hereunder, the Receiver shall comply with all applicable state and federal laws, including, without limitation, all applicable Housing Choice Voucher Rental Assistance Program (Section 8) guidelines. Notwithstanding the foregoing, the Receiver's actions shall be subject to, and shall not breach, this Judgment.

18. The Receiver is hereby authorized and directed to market and list for sale any parcel or all of the Property and to sell all or part of the Property in such a manner as he reasonably believes would maximize the value received therefrom, whether by individual sales of parcels of the real property or by group sale(s), subject to the final approval of CPAI. The Receiver may offer a reasonable sales commission to buyer's real estate agent or broker of an amount up to 3% at Receiver's discretion. The Receiver shall not be an eligible purchaser of any of the Property, unless otherwise approved by CPAI and the Court.

19. The Receiver is further authorized to, in his discretion, maintain current leases and/or subleases of any or all of the Property, to negotiate with any existing tenants of the Property and enter any agreements regarding the termination or early termination of any leases, and/or to secure new tenants for any or all of the Property, subject to the final approval of CPAI.

20. The Receiver shall keep all funds related to the Property in a segregated bank account, and is authorized to open and maintain checking and savings accounts, in

Delaney Wiles, Inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **13** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 13 of 18

the name of the receivership estate and separate from its own professional and personal accounts, in a federally insured lending institution, and shall pay only those bills which are reasonable and necessary for the operation and maintenance of the Property and/or as necessary to maximize the value of the Property, subject to the final approval of CPAI. This may include, but is not limited to, payment of the Note secured by the Deed of Trust recorded in the Official Records of the Clark County Recorder, Instrument # 20190911-0003071 in favor of the Simons Revocable Trust in principal sum of $329,800.00, which amounts under said Deed of Trust may be paid out of rents and any other proceeds of sale of APNs 163-15-810-114 and 138-25-314-039, or out of other rents or proceeds of sale of any of the remaining Property, at the Receiver's discretion, to preserve and conserve the receivership estate for the benefit of CPAI. The Receiver shall obtain CPAI approval prior to making payments other than those ordinarily and necessarily incurred in the operation of the Property. The Receiver may, in his discretion, pay amounts to CPAI to reduce the amounts due, owing and unpaid by Defendants under this Judgment and to reduce the accrual of interest on such amounts.

21. The Receiver shall prepare within the first 30 days, and every 60 days after his appointment and for so long as the Property shall remain in his possession or care, reports setting forth all receipts and disbursements, cash flow, changes in the assets in his charge, claims against the assets in his charge, and other relevant operational issues that have occurred during the preceding two months. The Receiver is directed to file such reports with the Clerk of this Court. The Receiver shall also serve a copy of each such report on the attorneys of record for the parties and any other interested parties who

Delaney Wiles, Inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **14** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG Document 63-17 Filed 05/01/20 Page 14 of 18

request the same.

22. The Receiver shall have no responsibility for filing federal and/or state income tax and/or payroll tax returns and shall not be responsible for paying any of the Defendants' unpaid federal and state taxes and expenses. The responsibility for such filings and payments lies exclusively with Defendants and their agents, employees, and representatives.

23. The Receiver, as managing agent for the Property, is authorized to negotiate, make, enter into, or modify contracts or agreements affecting any part or all of the Property and to immediately terminate any existing contract, agreement or instrument which is not, in the Receiver's sole and absolute discretion, deemed commercially reasonable or beneficial to the operation of the Property, subject to in all cases pursuant to this paragraph, the consent of CPAI.

24. Any security or other deposits which any tenants have paid to Defendants or their agents, and which are not paid to the Receiver, and over which the Receiver has no control, shall be Defendants' obligations and may not be refunded by the Receiver without a prior order of the Court.

25. The Receiver may demand, collect, and receive all rents, revenues, and profits for the Property or any part of it that are owed, unpaid, and uncollected as of the Effective Date of this Judgment, or hereafter to become due.

26. Subject to further order of this Court, the Receiver may (i) institute and prosecute all suits as may be reasonably necessary in the Receiver's judgment to protect the Property, and (ii) defend all such suits and actions as may be instituted against the

delaney wiles, inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **15** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG Document 63-17 Filed 05/01/20 Page 15 of 18

Receiver.

27. The Receiver may obtain and pay any reasonable price for any lawful license and, to the extent permitted by law, exercise the privileges of any existing license issued in connection with the Property or any business transacted with respect to it, until further order of the Court, and to do all things necessary to protect and maintain said licenses, including without limitation, taking such license in the name of the Receiver personally or a nominee of the Receiver personally.

28. The Receiver shall be entitled to utilize the tax identification numbers associated with the Property during his operation of the receivership property to the extent permitted by law, or at the Receiver's discretion, the Receiver may obtain new tax identification numbers.

29. Except as otherwise provided in this Judgment, the Receiver shall hold and retain all money that may come into his possession, custody, and control by virtue of his appointment, and not expended for any other authorized purpose otherwise provided under this Judgment, until further order of this Court.

30. The Receiver shall maintain adequate insurance over the Property to the same extent and in the same manner as it has heretofore been insured, or as in the judgment of the Receiver may seem fit and proper, and to cause all presently existing policies to be amended by adding Receiver and the receivership estate as an additional insured within 20 days of the entry of this Judgment. If there is inadequate insurance or insufficient funds in the receivership estate to procure adequate insurance, the Receiver is directed to immediately take appropriate action to remedy the deficiency and to notify

DELANEY WILES, INC.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **16** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 16 of 18

this Court regarding such deficiency. During the period in which the Property is uninsured or underinsured, the Receiver shall not be personally responsible for any claims arising therefore.

31. The Receiver is authorized to place the Property or any part of the Property for sale on the market and undertake any and all other duties associated with marketing and sale of the Property, including executing documents necessary for consummation of a sale, with such sale being subject to CPAI's approval. The Receiver is hereby appointed as attorney-in-fact for Wright Capital Investments, LLC and shall have authority to act on behalf of Wright Capital Investments, LLC with regard to the management and operation of the Property and the execution of any and all documents necessary or as may reasonably be required to effectuate the transfer of legal title to the Property. Any title or escrow company shall be permitted to rely upon this Judgment's appointment of the Receiver as attorney-in-fact for Wright Capital Investments, LLC.

32. The Receiver and the parties to this action may, from time to time, on an *ex parte* basis (if appropriate) or by noticed motion on an expedited basis, petition this Court for instructions in furtherance of this Judgment and further orders this Court may hereafter make.

33. No individual or entity may sue the Receiver without first obtaining the permission of this Court.

34. Upon sale of all of the Property, the receivership shall automatically terminate, and any remaining personal property, including the remaining proceeds of such sale(s) of the Property, in possession of the Receiver shall be transferred to CPAI.

Delaney Wiles, Inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **17** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG Document 63-17 Filed 05/01/20 Page 17 of 18

35. No later than 60 days after the receivership terminates, the Receiver shall file and serve a motion for approval of the Receiver's final report and account. The Receiver shall give notice of such motion to all persons of whom the Receiver is aware who have potential claims against receivership property. The motion to approve the final report and account and for discharge of the Receiver shall contain a declaration or declarations (i) stating what was done during the receivership; (ii) certifying the accuracy of the final accounting; (iii) stating the basis for the termination of the receivership; and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit. In addition, the motion shall contain a summary of the receivership accounting, which shall include (i) the total revenues received; (ii) the total expenditures identified and enumerated by major categories; (iii) the net amount of any surplus or deficit; and (iv) evidence of necessary supporting facts.

DATED this ____ day of _____, 2020 at Anchorage, Alaska.

_____
HONORABLE SHARON L. GLEASON
United States District Court Judge

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of the foregoing was emailed on the 1st day of May, 2020 to the following:

Jeffrey W. Robinson
Laura C. Dulic
Ashburn & Mason, P.C.
1227 W. 9th Ave., Ste. 200
Anchorage, AK 99501
jeffrey@anchorlaw.com
laura@anchorlaw.com
(Attorneys for Kelly Keays)

Phillip Paul Weidner
Phillip Paul Weidner & Associates, APC
943 W. 6th Ave., Ste. 300
Anchorage, AK 99501
phillipweidner@weidnerjustice.com
(Attorneys for Nathan Keays and Eco Edge Armoring, LLC)

Michelle S. Nesbett
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
michelle@bhb.com
(Attorney for Amanda Wright)

s/Angela R. Bell
4816-8427-2059, v. 1

David Benefield (mailed)
and
DB Oilfield Support Services
c/o David Benefield
15030 E. 253rd St. S.
Webbers Falls, OK 74470
dbenefield58@hotmail.com

Wright Capital Investments, LLC (mailed)
c/o Anna McDonough, Registered Agent
6550 S. Pecos Rd., Ste. 115
Las Vegas, NV 89120
Forrestwright8@hotmail.com

Forrest Wright
1901 Colony Place
Anchorage, AK 99507
Forrestwright8@hotmail.com

Delaney Wiles, Inc.
Suite 300
1007 West 3rd Avenue
Anchorage, Alaska
99501
(907) 279-3581
Fax (907) 277-1331

**Judgment** Page **18** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 63-17   Filed 05/01/20   Page 18 of 18