IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONOCOPHILLIPS ALASKA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORREST WRIGHT; AMANDA WRIGHT; ) <br> NATHAN KEAYS; KELLY KEAYS; ) <br> ECO EDGE ARMORING, LLC; DAVID ) <br> BENEFIELD; WRIGHT CAPITAL ) <br> INVESTMENTS, LLC; and DB OILFIELD ) <br> SUPPORT SERVICES, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:19-cv-00311-SLG <br><br> Lead Case |
| CONOCOPHILLIPS ALASKA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORREST WRIGHT; AMANDA WRIGHT; ) <br> DAVID BENEFIELD; WRIGHT CAPITAL ) <br> INVESTMENTS, LLC; and DB OILFIELD ) <br> SUPPORT SERVICES, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:20-cv-00072-SLG |

**ORDER TRANSFERRING CERTAIN ASSETS AND REAL PROPERTY FROM DEFENDANTS FORREST WRIGHT AND WRIGHT CAPITAL INVESTMENTS, LLC TO CONOCOPHILLIPS ALASKA, INC.**

This matter having come before the Court upon Plaintiff ConocoPhillips Alaska Inc.'s ("CPAI") Application for Default Judgment (filed May 1, 2020, Document 63), and Plaintiff's Supplemental Briefing of June 3, 2020 alternatively requesting an Order

**Order** Page **1** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 1 of 18

transferring certain assets and real property from Defendants Forrest Wright and Wright Capital Investments, LLC to Plaintiff, and based upon assertions in Plaintiff's Complaint at Document 1, the Declarations of Cindy Klose, Jeff Laughlin, Ryan Wickline, Kristin Scott Byron III, and Dan Kouf, filed with Plaintiff's *Ex Parte* Motion for Preliminary Injunction (Document 3), Jason Mattson's Affidavit filed with Plaintiff's Application for Default Judgment (Document 63), Forrest Wright and Wright Capital Investments, LLC's failure to Answer the Complaint and/or to dispute the allegations in the Complaint, the subsequent Entry of Default against Forrest Wright and Wright Capital Investments, LLC of March 9, 2020 (Document 53), and other facts contained in filings and pleadings in this case,

**IT IS HEREBY ORDERED:**

1. Plaintiff has alleged and Defendants Forrest Wright and Wright Capital Investments, LLC have not opposed or presented any evidence otherwise, that funds improperly and fraudulently obtained from ConocoPhillips Alaska, Inc. were deposited into the Spectrum Consulting Services account at Alaska USA Federal Credit Union ending in 0183, the Wells Fargo account for Wright Capital Investments, LLC ending in 4392, the Forrest Wright and Amanda Wright joint account at Alaska USA Federal Credit Union ending in 5623, and that Forrest Wright and Wright Capital Investments, LLC used improperly and/or funds fraudulently obtained from CPAI to purchase real property in Las Vegas, Nevada (which properties are more fully described in Paragraph 6 below).

2. Defendant Amanda Wright has disclaimed any and all interest in said funds in the accounts listed in Paragraph 1 (above) including specifically disclaiming any

**Order** Page **2** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 2 of 18

interest in those Wright Capital Investments, LLC or Spectrum Consulting Services, bank or credit union accounts, and disclaiming any interest in the Wright's joint account at Alaska USA Federal Credit Union ending in 0183. Ms. Wright has expressly affirmed she does not oppose the transfer of any funds or assets from those three accounts to ConocoPhillips Alaska, Inc. without any limitations (see Paragraphs 1-4, Document 62).

3. Defendant Amanda Wright has similarly disclaimed any interest in the Nevada real properties purchased in the name of Wright Capital Investments, LLC, and has stipulated CPAI is entitled to a constructive trust over those Nevada real properties, with legal title to them rightfully vested in CPAI or its designees.[1]

4. Based upon the unopposed allegations by Plaintiff CPAI that the funds in the three accounts listed in Paragraph 1 above were improperly obtained by Forrest Wright and Wright Capital Investments, LLC, and the express disclaimer by Amanda Wright of any interest in those funds, or any interest she may have in the real property listed in Paragraph 6 (below), all monetary balances that are in the accounts described in Paragraph 1 above shall be transferred by that bank and that credit union to ConocoPhillips Alaska, Inc., by issuing checks for those accounts balances, made payable to ConocoPhillips Alaska, Inc., and providing those checks to Attorney Timothy Lamb at Delaney Wiles, Inc., 1007 West 3rd Avenue, Suite 300, Anchorage, Alaska 99501.[2]

5. Wright Capital Investments, LLC is the alter ego of Forrest Wright and the corporate fiction as between Wright Capital Investments, LLC and Forrest Wright are

---

[1] See Document 62, Paragraph 5.
[2] The checks shall be mailed certified mail return receipt requested, or hand-delivered to Mr. Lamb at that address.

**Order** Page **3** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 3 of 18

hereby dissolved such that Forrest Wright is liable for the obligations of Wright Capital Investments, LLC.

6. Based upon the unopposed allegations by Plaintiff that the real properties situated in Las Vegas, Nevada were acquired and maintained by Wright Capital Investments, LLC with funds improperly and fraudulently obtained from CPAI, and the fact Amanda Wright disclaims any interest in those Nevada real properties and has stipulated that legal title to them should be rightfully vested in CPAI, a constructive trust is hereby imposed on the real and personal property of Wright Capital Investments, LLC as set forth herein (the "Properties").  The following Properties are hereby deemed to be held by its owner of record in trust for the benefit of CPAI, such that CPAI is the true beneficial owner of the Property:

   a. Assessor's Parcel Number ("APN") 138-23-613-035
      6233 Espinosa Avenue
      Las Vegas, Nevada

   b. APN 138-24-115-006
      5908 W Bartlett Avenue
      Las Vegas, Nevada

   c. APN 138-25-112-019
      1524 Saylor Way
      Las Vegas, Nevada

   d. APN 138-25-114-057
      1400 Saylor Way
      Las Vegas, Nevada

   e. APN 138-25-312-008
      5824 Iris Avenue
      Las Vegas, Nevada

   f. APN 138-25-314-039

**Order** Page **4** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.*  Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 4 of 18

5821 Halifax Avenue
Las Vegas, Nevada

g. APN 138-34-711-027
716 Vincent Way
Las Vegas, Nevada

h. APN 138-34-712-050
609 Cline Street
Las Vegas, Nevada

i. APN 138-35-711-036
501 Slayton Drive
Las Vegas, Nevada

j. APN 138-36-120-029
5420 Banjo Street
Las Vegas, Nevada

k. APN 139-08-411-011
3602 Gold Sluice Avenue
North Las Vegas, Nevada

l. APN 139-19-213-079
4609 Sawyer Avenue
Las Vegas, Nevada

m. APN 139-29-714-050
2149 Sleepy Court
Las Vegas, Nevada

n. APN 139-30-318-007
721 Fairway Drive
Las Vegas, Nevada

o. APN 140-22-314-028
1826 Green Acres Avenue
Las Vegas, Nevada

p. APN 163-01-612-049
5201 Mountain View Drive
Las Vegas, Nevada

**Order** Page **5** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 5 of 18

q. APN 163-15-810-114
   3973 Arrowood Drive
   Las Vegas, Nevada

r. All rents and proceeds of the Property currently held by Orange Realty Group.

7. Defendants are hereby permanently enjoined against any further transfer, encumbrance or disposition of the Property pursuant to Nevada Revised Statute ("NRS") 112.210(c)(1) as follows:

   a. If Defendants are not restrained by court order, CPAI will likely suffer immediate and irreparable injury through the potential dissipation of funds Forrest Wright and Wright Capital Investments, LLC obtained from CPAI through improper means, dissipation or further transfer or real property Forrest Wright and Wright Capital Investments, LLC purchased using funds improperly obtained from CPAI, and any rents derived from or loan proceeds related to those properties.

   b. Therefore, Defendants, together with their officers, directors, managers, agents, servants, employees, and attorneys are hereby permanently restrained and enjoined from selling, transferring, encumbering, or disposing of any monies received from CPAI and any assets—including real, personal, tangible, and intangible property—purchased, paid for, or maintained with assets or money received from or paid to them by CPAI. This includes without limitation the Property identified herein in Paragraph 6 (a) – (r) and the funds in the bank accounts identified herein in Paragraph

**Order** Page **6** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 6 of 18

7 (a) – (d), together with all the proceeds, rents, income, interest, dividends, or profits on any such assets.

8. CPAI is entitled to avoidance of the fraudulent transfers of funds made by Defendants pursuant to NRS 112.210(1)(a) and other applicable law, and to the return of funds not rightfully theirs. Therefore, pursuant to NRS 112.210(c)(1), and other applicable laws, all funds held in the following accounts owned or controlled by Forrest Wright, Wright Capital Investments, LLC, and Spectrum Consulting Services, or any combination thereof, shall be immediately transferred to CPAI:

  a. Alaska USA Federal Credit Union, Acct No. 4780183 (Spectrum Consulting Services –owned by Forrest Wright and/or Forrest Wright and Amanda Wright);[3]

  b. Alaska USA Federal Credit Union, Acct No. 1135623 (Forrest and Amanda Wright);[4]

  c. Wells Fargo, Acct No. 9310614392 (Wright Capital Investments, LLC);[5]

9. A receiver is hereby appointed pursuant to FRCP 66, NRS 112.210, and NRS 32.260(1)(b)(2) for the operation, management, and sale and/or liquidation of the Property identified herein in Paragraph 6(a) – (r) in accordance with the terms set forth below. The Court, being fully apprised of this matter, finds and concludes that the

---

[3] *See* Docket 62, Stipulation of Amanda Wright, ¶3, Amanda Wright disclaimed any and all interest in said funds and expressly stated she does not oppose the transfer of funds from this account to ConocoPhillips Alaska, Inc.
[4] *See* Docket 62, Stipulation of Amanda Wright, ¶2, Amanda Wright disclaimed any and all interest in said funds and expressly stated she does not oppose the transfer of funds from this account to ConocoPhillips Alaska, Inc.
[5] Wright Capital Investments is managed by Forrest Wright and Amanda Wright. *See* Docket 62, Stipulation of Amanda Wright, ¶4. Ms. Wright disclaimed any and all interest in said funds and expressly stated she does not oppose the transfer of funds from this account to ConocoPhillips Alaska, Inc.

**Order** Page **7** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 7 of 18

appointment of a receiver is necessary to aid in execution of this Order, to carry this Order into effect, and to levy execution on the assets fraudulently transferred by Defendants, and each of them, and the proceeds of such assets, specifically, the Property identified herein in Paragraph 7(a) – (d).

10. Jason Mattson of Orange Realty Group is hereby appointed the receiver ("Receiver") of the Property.

11. The Receiver shall not be required to file or post a bond.

12. The Court appoints the Receiver the Managing Agent of the Property, to take control of the Property, together with all related documents, books, records, papers, and accounts of Defendants.

13. Defendants and any and all persons or entities acting under their direction or on their behalf are directed and ordered to immediately surrender to the Receiver all Property and assets of the Property including, but not limited to, the following:

  a. All royalties, rents, revenues, issues, profits, and income of the Property;

  b. All deposits, regardless of when received, together with all books, records, deposit books, checks and check books, together with names, addresses, contact names, telephone and facsimile numbers where any and all deposits are held, plus all account numbers;

  c. All accounting records, accounting software, computers, laptops, passwords, books of account, general ledgers, accounts receivable records, accounts payable records, cash receipts records, checkbooks, accounts, passbooks, and all other accounting documents;

**Order** Page **8** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 8 of 18

d. All vendors', advertisers' and other clients' names, addresses, telephone, facsimile and account numbers or other similar records;

e. All accounts receivable, payments, rents including all statements and records of deposits, advances, and prepaid contracts or rents, if applicable;

f. All contracts, agreements, leases and subleases, including all amendments, modifications, and renewals thereof, as well as all proposed contracts, agreements, leases and subleases (whether or not executed) and copies of any and all documents pertaining to any negotiations for the Property;

g. All insurance policies, including workers' compensation, business, liability and property damage coverage, name and address of insurance companies, amount of coverage and expiration dates of each policy;

h. The names, addresses and account numbers of all utility and communications companies providing services to the Property;

i. All environmental reports or studies, including ADA surveys;

j. All tax assessments, liens, and notices of delinquency, and penalty notices;

k. All mechanics' liens, stop notices, or demands for payment by actual or potential mechanics lienors;

l. All maintenance/service contracts;

m. All bills and invoices unpaid as of the date of this Order;

n. All licenses, permits, notices, approvals, citations, violations, and fines whether in effect or lapsed, issued by any federal, state, county or public agency;

**Order** Page **9** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 9 of 18

o. All tax returns, schedules, operating statements including the most current operating statement;

p. All business plans, whether completed or proposed;

q. All keys, security codes, or other security companies and information relating to the building and improvements utilized by the Property;

r. All original documents of formation and title documents relating to Defendants;

s. All work orders, including all amendments, modifications, and revisions thereof, whether in process or recently completed;

t. All documents relating to repairs, including all estimated costs of repair;

u. All inspection reports, appraisals, assessments, correspondence, or memoranda regarding the condition or value of the Property;

v. All documents relating to any potential purchasers or their agents interested in the acquisition of any property of the Property;

w. All documents relating to any loans, mortgages, deeds of trust, notes, liens, or any other instruments secured by all or part of the Property;

x. All documents relating to any leases and/or subleases, including all amendments, modifications, and renewals thereof, as well as all proposed contracts, agreements, leases and subleases (whether or not executed), pertaining to the Property; and

y. All Federal Tax Identification numbers associated with the Property.

14. Any and all persons or entities acting under the Defendants' direction or on

**Order** Page **10** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 10 of 18

their behalf are further directed and ordered to deliver to the Receiver all rents, revenues, issues, profits, and security deposits of and from the Property, which may yet come into their possession or come under their control.

15. Pending further order of this Court, Defendants, their officers, and each of their respective partners, directors, agents, servants, and employees, and all persons or entities acting under or in concert with them, or for them, and all other persons with actual or constructive knowledge of this Order, and each of them, shall not:

  a. Commit or permit any waste on the Property or any part thereof, or suffer or commit or permit any act on the Property on any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the Property or the fixtures thereon, or the Property or any part thereof;

  b. Directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and preservation, maintenance, and/or sale of the Property or related litigation, and shall not interfere with Plaintiff or the Receiver in any way connected with the Receiver's protection of CPAI's interests in the Property;

  c. Interfere with the Receiver's right to immediate possession of all of the Defendant's accounts holding rents and profits from the Property, and shall turn over all such funds held, wherever held, to the Receiver in furtherance of his duties in furtherance of the receivership estate;

  d. Demand collection, receive, or in any way divert or use any of the mail, income, royalties, rents, issues, profits, accounts receivable or other income

**Order** Page **11** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 11 of 18

from the Property and/or interfere in any manner with collecting or receiving any mail, income, rents, royalties, issues, accounts receivable, profits or substitution thereof;

e. Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of the Property and/or Defendants' books and records, without prior court order;

f. Do any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property, Defendants' books and records, the preservation of CPAI's interest in the Property and/or CPAI's other collateral.

16. Within 30 days of taking control and possession under this Order, the Receiver shall provide an inventory itemizing all personal property and real property of which he has taken control or possession and shall promptly file supplemental inventories of any personal property subsequently coming into the receivership estate.

17. Subject to the final approval of this Court, the Receiver shall be compensated for his services as follows: (a) Orange Realty will continue to receive its contractual management fee which is 7% of the gross rents collected on the Property, which shall be paid on a monthly basis; and (b) up to 3% seller broker's commission for any sale of any of the Property in accordance with this Order. The Receiver shall also be entitled to reimbursement of his reasonable out-of-pocket costs and expenses. The Receiver shall be entitled to a project management fee of 5% of the job cost for his

**Order** Page **12** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 12 of 18

involvement with any major repair project (defined as $5,000.00 or greater) that may be necessary on the Property prior to sale or otherwise.

18. The Receiver shall lease, operate, manage, control and conduct the Property and its business, and incur the expenses necessary in such operation, management, control, and conduct in the ordinary and usual course of business concerning the Property, and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar properties, and no such risks or obligations so incurred shall be the personal risk or obligation of the Receiver or of those who are acting or have acted on behalf of the Receiver, but shall be a risk or obligation of the receivership estate. In carrying out his duties hereunder, the Receiver shall comply with all applicable state and federal laws, including, without limitation, all applicable Housing Choice Voucher Rental Assistance Program (Section 8) guidelines. Notwithstanding the foregoing, the Receiver's actions shall be subject to, and shall not breach, this Order.

19. The Receiver is hereby authorized and directed to market and list for sale any parcel or all of the Property and to sell all or part of the Property in such a manner as he reasonably believes would maximize the value received therefrom, whether by individual sales of parcels of the real property or by group sale(s), subject to the final approval of CPAI. The Receiver may offer a reasonable sales commission to buyer's real estate agent or broker of an amount up to 3% at Receiver's discretion. The Receiver shall not be an eligible purchaser of any of the Property, unless otherwise approved by CPAI and the Court.

**Order** Page **13** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 13 of 18

20. The Receiver is further authorized to, in his discretion, maintain current leases and/or subleases of any or all of the Property, to negotiate with any existing tenants of the Property and enter any agreements regarding the termination or early termination of any leases, and/or to secure new tenants for any or all of the Property, subject to the final approval of CPAI.

21. The Receiver shall keep all funds related to the Property in a segregated bank account, and is authorized to open and maintain checking and savings accounts, in the name of the receivership estate and separate from its own professional and personal accounts, in a federally insured lending institution, and shall pay only those bills which are reasonable and necessary for the operation and maintenance of the Property and/or as necessary to maximize the value of the Property, subject to the final approval of CPAI. This may include, but is not limited to, payment of the Note secured by the Deed of Trust recorded in the Official Records of the Clark County Recorder, Instrument # 20190911-0003071 in favor of the Simons Revocable Trust in principal sum of $329,800.00, which amounts under said Deed of Trust may be paid out of rents and any other proceeds of sale of APNs 163-15-810-114 and 138-25-314-039, or out of other rents or proceeds of sale of any of the remaining Property, at the Receiver's discretion, to preserve and conserve the receivership estate for the benefit of CPAI. The Receiver shall obtain CPAI approval prior to making payments other than those ordinarily and necessarily incurred in the operation of the Property. The Receiver may, in his discretion, pay amounts to CPAI to reduce the amounts due, owing and unpaid by Defendants under this Order and to reduce the accrual of interest on such amounts.

**Order** Page **14** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 14 of 18

22. The Receiver shall prepare within the first 30 days, and every 60 days after his appointment and for so long as the Property shall remain in his possession or care, reports setting forth all receipts and disbursements, cash flow, changes in the assets in his charge, claims against the assets in his charge, and other relevant operational issues that have occurred during the preceding two months. The Receiver is directed to file such reports with the Clerk of this Court. The Receiver shall also serve a copy of each such report on the attorneys of record for the parties and any other interested parties who request the same.

23. The Receiver shall have no responsibility for filing federal and/or state income tax and/or payroll tax returns and shall not be responsible for paying any of the Defendants' unpaid federal and state taxes and expenses. The responsibility for such filings and payments lies exclusively with Defendants and their agents, employees, and representatives.

24. The Receiver, as managing agent for the Property, is authorized to negotiate, make, enter into, or modify contracts or agreements affecting any part or all of the Property and to immediately terminate any existing contract, agreement or instrument which is not, in the Receiver's sole and absolute discretion, deemed commercially reasonable or beneficial to the operation of the Property, subject to in all cases pursuant to this paragraph, the consent of CPAI.

25. Any security or other deposits which any tenants have paid to Defendants or their agents, and which are not paid to the Receiver, and over which the Receiver has no control, shall be Defendants' obligations and may not be refunded by the Receiver

**Order** Page **15** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 15 of 18

without a prior order of the Court.

26. The Receiver may demand, collect, and receive all rents, revenues, and profits for the Property or any part of it that are owed, unpaid, and uncollected as of the Effective Date of this Order, or hereafter to become due.

27. Subject to further order of this Court, the Receiver may (i) institute and prosecute all suits as may be reasonably necessary in the Receiver's opinion to protect the Property, and (ii) defend all such suits and actions as may be instituted against the Receiver.

28. The Receiver may obtain and pay any reasonable price for any lawful license and, to the extent permitted by law, exercise the privileges of any existing license issued in connection with the Property or any business transacted with respect to it, until further order of the Court, and to do all things necessary to protect and maintain said licenses, including without limitation, taking such license in the name of the Receiver personally or a nominee of the Receiver personally.

29. The Receiver shall be entitled to utilize the tax identification numbers associated with the Property during his operation of the receivership property to the extent permitted by law, or at the Receiver's discretion, the Receiver may obtain new tax identification numbers.

30. Except as otherwise provided in this Order, the Receiver shall hold and retain all money that may come into his possession, custody, and control by virtue of his appointment, and not expended for any other authorized purpose otherwise provided under this Order, until further ordered by this Court.

31. The Receiver shall maintain adequate insurance over the Property to the same extent and in the same manner as it has heretofore been insured, or as in the opinion of the Receiver may seem fit and proper, and to cause all presently existing policies to be amended by adding Receiver and the receivership estate as an additional insured within 20 days of the entry of this Order. If there is inadequate insurance or insufficient funds in the receivership estate to procure adequate insurance, the Receiver is directed to immediately take appropriate action to remedy the deficiency and to notify this Court regarding such deficiency. During the period in which the Property is uninsured or underinsured, the Receiver shall not be personally responsible for any claims arising therefore.

32. The Receiver is authorized to place the Property or any part of the Property for sale on the market and undertake any and all other duties associated with marketing and sale of the Property, including executing documents necessary for consummation of a sale, with such sale being subject to CPAI's approval. The Receiver is hereby appointed as attorney-in-fact for Wright Capital Investments, LLC and shall have authority to act on behalf of Wright Capital Investments, LLC with regard to the management and operation of the Property and the execution of any and all documents necessary or as may reasonably be required to effectuate the transfer of legal title to the Property. Any title or escrow company shall be permitted to rely upon this Order's appointment of the Receiver as attorney-in-fact for Wright Capital Investments, LLC.

33. The Receiver and the parties to this action may, from time to time, on an *ex parte* basis (if appropriate) or by noticed motion on an expedited basis, petition this

**Order** Page **17** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 17 of 18

Court for instructions in furtherance of this Order and further orders this Court may hereafter make.

34. No individual or entity may sue the Receiver without first obtaining the permission of this Court.

35. Upon sale of all of the Property, the receivership shall automatically terminate, and any remaining personal property, including the remaining proceeds of such sale(s) of the Property, in possession of the Receiver shall be transferred to CPAI.

36. No later than 60 days after the receivership terminates, the Receiver shall file and serve a motion for approval of the Receiver's final report and account. The Receiver shall give notice of such motion to all persons of whom the Receiver is aware who have potential claims against receivership property. The motion to approve the final report and account and for discharge of the Receiver shall contain a declaration or declarations (i) stating what was done during the receivership; (ii) certifying the accuracy of the final accounting; (iii) stating the basis for the termination of the receivership; and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit. In addition, the motion shall contain a summary of the receivership accounting, which shall include (i) the total revenues received; (ii) the total expenditures identified and enumerated by major categories; (iii) the net amount of any surplus or deficit; and (iv) evidence of necessary supporting facts.

DATED this 5th day of June, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
HONORABLE SHARON L. GLEASON
United States District Judge

**Order** Page **18** of **18**
*ConocoPhillips Alaska, Inc. v. Forrest Wright and Amanda Wright, et. al.* Case No. 3:19-cv-00311-SLG
Case 3:19-cv-00311-SLG   Document 85   Filed 06/05/20   Page 18 of 18